In re NORTH EAST PROJECTS, INC., Debtor.

Stephen H. HUTZELMAN, Trustee, Plaintiff,

v.

UNITED STATES of America FARMERS HOME ADMINISTRATION, DEPARTMENT OF AGRICULTURE, Defendant.

Bankruptcy No. 89–000501E.
Adv. No. 90–0072.

United States Bankruptcy Court,
W.D. Pennsylvania.

Nov. 1, 1991.

Stephen H. Hutzelman, Erie, Pa., Trustee.

Mary Beth Buchanan, Pittsburgh, Pa., for defendant.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

### Background

North East Projects, Inc. ("Debtor" or "Contractor") filed a voluntary Petition under Chapter 7 of the Bankruptcy Code on September 12, 1989. Stephen H. Hutzelman, Esq. serves as Trustee ("Trustee"). The Debtor was engaged in the construction of residential homes under contract for purchase by individuals who received fi-

nancing from the Farmers Home Administration ("FMHA").

FMHA disbursed loan proceeds to the individual purchasers who then paid the Contractor as work progressed. The Contractor was to, in turn, pay its subcontractors. In this case, the Contractor failed to make payment to many of its subcontractors.

The Trustee has filed this action against FMHA to recover amounts which the Debtor failed to pay to its subcontractors. The Trustee asserts that the FMHA is liable as the non-payment resulted from the failure of the FMHA to comply with the terms of its contract and FMHA regulations.

The FMHA has moved for dismissal or summary judgment asserting *inter alia* that the FMHA has sovereign immunity and that the Trustee lacks standing.

We find that the Trustee of the Contractor lacks standing to enforce the rights of subcontractors against a third party. Thus, we need not address the additional arguments presented in FMHA's Motion to Dismiss.

### *Discussion*

The Trustee asserts that he has standing to raise this claim against the FMHA "as the representative of a creditor who had a claim against the Debtor at the commencement of the case pursuant to § 544 of the Bankruptcy Code and creditors who are unpaid subcontractors due to the action of the [FMHA]." The Trustee alleges that the FMHA is in violation of 7 C.F.R. § 1924–6 and Section IV of the contract between the owner, the contractor, and FMHA which provided:

> IV Releases.—Prior to final payment, the Contractor will submit evidence that all payrolls, material bills, and other indebtedness connected with the work have been paid as required by the Owner or the Representative.

The alleged wrongdoing is FMHA's failure to obtain evidence of payment of payroll, material expenses, etc. before paying the contractor in full. The argument is that if FMHA had insisted upon such evidence, the subcontractors would not have suffered losses.

■ Standing is a threshold inquiry and lack thereof is a proper basis to dismiss a complaint. *Shearson, Lehman, Hutton, Inc. v. Wagoner*, 944 F.2d 114 (2d Cir. 1991); *E.F. Hutton & Co., Inc. v. Hadley*, 901 F.2d 979, 983 (11th Cir.1990).

■ In bankruptcy, the trustee stands in the shoes of the bankrupt and has standing to bring any suit that the bankrupt could have instituted had it not petitioned for bankruptcy. *Caplin v. Marine Midland Grace Trust Co. of New York*, 406 U.S. 416, 429, 92 S.Ct. 1678, 1685, 32 L.Ed.2d 195 (1972); *Shearson, Lehman, Hutton, Inc. v. Wagoner*, 944 F.2d 114 (2d Cir.1991). A bankruptcy trustee has no standing generally to sue third parties on behalf of the estate's creditors, but may only assert claims held by the debtor itself. *Caplin*, 406 U.S. at 434, 92 S.Ct. at 1688; *Shearson, Lehman, Hutton, Inc.*, 944 F.2d 114 (2d Cir.1991); *DSQ Property Co., Ltd. v. DeLorean*, 891 F.2d 128 (6th Cir.1989); *Williams v. California 1st Bank*, 859 F.2d 664 (9th Cir.1988); *In re Haynie Grain Services, Inc.*, 126 B.R. 208 (Bankr.D.Md. 1991).

■ A trustee may maintain only a general claim which accrues to the benefit of the entire estate. A trustee lacks standing to bring a claim on behalf of specific creditors. *Koch Refining v. Farmers Union Central Exchange, Inc.*, 831 F.2d 1339 (7th Cir.1989); *Feltman v. Prudential Bache Securities*, 122 B.R. 466 (S.D.Fla.1990).

■ The within action involves a suit by the Trustee on behalf of members of a restricted class of creditors, to-wit:—the unpaid subcontractors of the Debtor, whom the Debtor failed to pay from proceeds which the Debtor received as the general contractor for the individual purchasers who had received loans from the FMHA.

There is no allegation that FMHA withheld any loan funds due to the owner and thence to the Debtor. In other words, FMHA paid over to the Debtor all of the loan proceeds due from FMHA. Hence,

Debtor has no claim on its own behalf against FMHA.

Also, the Debtor suffered no harm by the alleged conduct of the FMHA, but rather, received more assets than it would have, absent the alleged improper conduct. The FMHA's acts, allegedly improper, resulted in a benefit to the Debtor rather than a harm to it. The Debtor, and thus the Trustee, who stands in the shoes of the Debtor, have no cause of action against the FMHA.

The Trustee is attempting to collect funds not owed to the estate, but rather, owed to individual subcontractors. The subcontractors are the real parties in interest. Any recovery would properly go to the individual subcontractors, not to the general estate for the benefit of all creditors.

The Trustee's Complaint will be dismissed.