In re CORAM RESOURCE NETWORK, INC. and Coram Independent Practice Association Inc., Debtors.

The Official Committee of Unsecured Creditors, individually and assignee of the claims of Coram Resource Network, Inc., and Coram Independent Practice Association, Inc., Plaintiffs,

v.

Young's Medical Equipment, Inc., Defendant.

Bankruptcy No. 99–2889 (MFW).
Adversary No. 01–8483.

United States Bankruptcy Court, D. Delaware.

Jan. 15, 2004.

Michael D. Debaecke, Jason Staib, Blank Rome Comisky & McCauley LLP, Wilmington, DE.

Charlene D. Davis, Deidre M. Richards, Anthony M. Saccullo, Christopher A. Ward, The Bayard Firm, Edmon L. Morton, Edwin J. Harron, James L. Patton, Matthew B. McGuire, Young, Conaway, Stargatt & Taylor, Elio Battista, Jr., Blank Rome LLP, Steven T. Davis, Obermayer, Rebmann, Maxwell & Hippel LLP, Wilmington, DE, Kevin Michael Profit, Hamilton, Gaskins, Gay & Moon, PLLC, Charlotte, NC, for debtor.

Gregory M. Werkheiser, Morris, Nichols, Arsht & Tunnell, William K. Harrington, Wilmington, DE, for defendants.

Kenneth E. Aaron, Weir & Partners LLP, trustee.

### Opinion [1]

MARY F. WALRATH, Bankruptcy Judge.

Before the Court is the Motion filed by Thomas Young ("Young") to dismiss the complaint filed by the Official Committee of Unsecured Creditors' ("the Committee") against Young's Medical Equipment, Inc. ("YME"). For the reasons set below, the Motion to Dismiss will be denied.

## I. BACKGROUND

On August 19, 1999, Coram Resource Network, Inc., and Coram Independent Practice Association, Inc. (collectively "the Debtors") filed voluntary petitions under chapter 11 of the Bankruptcy Code. On November 3, 2001, the Committee filed a complaint to avoid preferential payments and fraudulent transfers allegedly made to YME. On October 17, 2002, Young filed a Motion to dismiss the complaint for insufficient service of process, failure to state a claim upon which relief may be granted, and lack of capacity to prosecute avoidance actions. On October 3, 2003, the Committee filed its response to the Motion to Dismiss. A Notice of Completion of Briefing was filed on December 2, 2002. A Supplemental Notice of Briefing was filed on December 12, 2002.

## II. JURISDICTION

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(F).

## III. DISCUSSION

### A. Standard

In determining whether to grant a motion to dismiss, the Court accepts as true all material factual allegations in the complaint. *See Soto v. PNC Bank (In re Soto)*, 221 B.R. 343, 347 (Bankr.E.D.Pa.1998)(*citing Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290–291 (3d cir.1988)); *In re J.E.*

---

**1.** This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

*Jennings, Inc.,* 46 B.R. 167, 169 n. 3 (Bankr.E.D.Pa.1985). A motion to dismiss for failure to state a claim should be granted where the moving party has established on the face of the pleadings that there is no material issue of fact and it is entitled to judgment as a matter of law. *In re Philip Services (Del.), Inc.,* 267 B.R. 62, 65 (Bankr.D.Del.2001). Rule 12(b)(6) requires the court to "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir.1997) (citations omitted).

### B. *Standing*

■ As a preliminary matter, the Committee argues that Young lacks capacity to file and prosecute the Motion to Dismiss because he is not a party to the action and has not moved to intervene in the action.

The Motion to Dismiss was filed pursuant to Rule 12(b)(5) and (6) of the Federal Rules of Civil Procedure, made applicable in this proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure. Rule 12(b) provides:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted.

Fed. R. Bankr.P. 7012(b).

The Committee argues that Young is not a pleader and thus, may not assert a defense pursuant to Rule 12(b). The Court agrees with the Committee that Young is not a "pleader" because he is neither a defendant, counter-claim defendant, cross-claim defendant nor an intervenor. *See* Fed. R. Bankr.P. 7012 & 7024. "In current usage, the pleader is the party asserting a particular pleading." BLACK'S LAW DICTIONARY (5th ed.1979).

The Committee also argues that even if Young was a pleader, Young has not properly intervened. There are three methods by which a party seeking intervention may properly do so: section 1109(b), Rule 7024 and Rule 2018. *See, e.g., In re First Interregional Equity Corp.,* 218 B.R. 731, 735 (Bankr.D.N.J.1997).

■ "[W]hile a 'party in interest' may have standing to intervene, the party with the interest must still separately satisfy the requirements for intervention in order to participate in an adversary proceeding." *Matter of Richman,* 104 F.3d 654, 658 (4th Cir.1997). In addition, "a would be intervenor bears the burden of demonstrating to the court a right to intervene." *Richman,* 104 F.3d at 658.

The parties to this adversary proceeding are the Committee and YME. In Young's Motion to Dismiss, Young refers to himself as a "former principal of named defendant [YME] and indemnitor of [the Trust]". As such, he is not a party to this adversary proceeding. Since Young has not filed an application to intervene a discussion on the merits of such an application is not necessary. The Court concludes that, since Young is not a party to this adversary, he lacks standing to file and prosecute the Motion to Dismiss.

### IV. *CONCLUSION*

For the foregoing reasons, Young's Motion to Dismiss will be denied.

An appropriate Order is attached.

### *ORDER*

AND NOW, this **15th** day of **JANUARY, 2004,** upon consideration of Thomas Young's Motion to Dismiss; it is hereby

**ORDERED** that the Motion is DE-NIED.